**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 21 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50315 |
| Plaintiff-Appellee, | D.C. No. 8:18-cr-00040-JLS-1 |
| v. | |
| LOKESH S. TANTUWAYA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted February 16, 2024[**]
Pasadena, California

Before: TALLMAN, IKUTA, and OWENS, Circuit Judges.

Lokesh Tantuwaya appeals from his conviction by guilty plea for conspiracy to commit healthcare fraud. As the parties are familiar with the facts, we do not recount them here. We affirm Tantuwaya's conviction.

We review de novo a district court's interpretation of the Speedy Trial Act

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and whether a defendant's Sixth Amendment rights were violated. *United States v. Walker*, 68 F.4th 1227, 1234 (9th Cir. 2023). We review for clear error a district court's findings of fact. *Id.*

We review for abuse of discretion a district court's denial of a motion to dismiss for pre-indictment delay and its denial of a motion to withdraw a guilty plea. *United States v. Corona-Verbera*, 509 F.3d 1105, 1114 (9th Cir. 2007); *United States v. McTiernan*, 546 F.3d 1160, 1166 (9th Cir. 2008). We review for clear error "findings of fact supporting the district court's exercise of its discretion." *McTiernan*, 546 F.3d at 1166.

1. Tantuwaya was not denied a speedy trial under the Speedy Trial Act. Under the Speedy Trial Act, a trial for a defendant that pleads not guilty must commence within seventy days "from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer . . . , whichever date last occurs." 18 U.S.C. § 3161(c)(1). However, there are several "periods of delay" that are excludable from this seventy-day clock. *Id.* § 3161(h). Delay from pretrial motions—"from the filing of the motion through the conclusion of the hearing . . . or other prompt disposition"—is excludable, as is delay from interlocutory appeals. *Id.* § 3161(h)(1)(C)–(D). "Exclusion of pre-trial motion delay is automatic. The district court need not make any findings explaining the need for the delay, nor does the delay need to be 'reasonably necessary' to be excluded."

2

*United States v. Sutter*, 340 F.3d 1022, 1027 (9th Cir. 2003) (citation omitted).

The period of delay between March and October 2021, which Tantuwaya challenges as not excludable, was in part due to his interlocutory appeal. The time between his notice of appeal in February 2021 and his voluntary dismissal of that appeal in July 2021 is "automatic[ally]" excludable. *United States v. Pete*, 525 F.3d 844, 852, 854 (9th Cir. 2008). His sole argument to the contrary is that his own interlocutory appeal was frivolous and that the district court should have maintained jurisdiction during its pendency. This argument is unconvincing. *See United States v. Hickey*, 580 F.3d 922, 927 (9th Cir. 2009) ("[W]e want to impress upon district courts that acting before the mandate has issued . . . risks acting without jurisdiction and wasting judicial resources.").

Tantuwaya also challenges the "224-day period from March 4, 2021 to October 14, 2021" as not excludable because he contends his motion to dismiss "did not require a hearing." His argument is unavailing; district courts possess discretion to hold hearings, and "we do not ordinarily second-guess a district court's conclusion that a hearing is needed." *See Sutter*, 340 F.3d at 1033. Also, Tantuwaya himself requested a hearing, and his motion, which contained over ten pages of legal arguments and seven exhibits, was not the pro-forma motion to "preserve the issues on appeal" he suggests it was. Finally, after voluntarily dismissing his interlocutory appeal, he "did not contest the representation that [his] motion was indeed pending

3

and required a hearing." *Id.*

2. Tantuwaya was not denied a speedy trial under the Sixth Amendment. Under *Barker v. Wingo*, 407 U.S. 514, 530 (1972), courts determine whether a defendant's Sixth Amendment right was violated by weighing the (1) length and (2) reason for delay, (3) the defendant's assertion of his speedy trial right, and (4) the prejudice to the defendant. "[N]one of the four factors . . . [is] a necessary or sufficient condition" to a finding that a speedy trial was denied. *Id.* at 533.

Tantuwaya contends that the government's "post-indictment delay" violated his Sixth Amendment right to a speedy trial. The first *Barker* factor weighs in Tantuwaya's favor, *United States v. Gregory*, 322 F.3d 1157, 1161–62 (9th Cir. 2003), but the second, third, and fourth factors weigh against him.

The second factor—reason for delay—is "[c]losely related" to the first factor. *Barker*, 407 U.S. at 531. The reason for delay weighs in favor of the government. Tantuwaya consented to seven out of eight continuances. He contends that the sole continuance he did not agree to "demonstrates an attempt to delay by the government" but nothing in the record supports this.

To the contrary, the district court granted the only continuance he opposed because of concerns over trial protocol in the COVID-19 pandemic and Tantuwaya's counsel's preparedness for trial. The court further noted that Tantuwaya was "an out-of-custody defendant who ha[d] requested many lengthy continuances," and "the

4

only time that he ha[d] . . . stated that he w[ould] not continue the case [was] after he learned that a judge ha[d] dismissed another case with prejudice during the pandemic." These findings of fact are not clearly erroneous. *See Edmo v. Corizon, Inc.*, 935 F.3d 757, 784–85 (9th Cir. 2019) ("Clear error exists if the finding is 'illogical, implausible, or without support in inferences that may be drawn from the facts in the record.'" (citation omitted)).

The third factor—the defendant's assertion of his speedy trial rights—also weighs against Tantuwaya. From 2018 to 2021, the district court "didn't hear a peep" from Tantuwaya concerning his speedy trial rights. Tantuwaya contends that he "expressly exercised" his speedy trial rights in January 2021, when he opposed the government's request for a continuance. One instance of asserting speedy trial rights in a four-year period is not enough. *See Barker*, 407 U.S. at 532 ("We emphasize that failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial."). Also, even after first asserting his speedy trial right, he stipulated to two more continuances. The district court's findings as to this factor are not clearly erroneous. *See Edmo*, 935 F.3d at 784–85.

The fourth factor—prejudice—also weighs against Tantuwaya. To determine prejudice, we consider the following interests: (1) "prevent[ing] oppressive pretrial incarceration;" (2) "minimiz[ing] anxiety and concern of the accused;" and (3) "limit[ing] the possibility that the defense will be impaired." *Barker*, 407 U.S. at

5

532. As to the first interest, as the district court noted, Tantuwaya had been out on bond for three years and was only incarcerated in May 2021 because he had committed perjury. Nor was he subject to more restrictive conditions than those experienced by other defendants incarcerated during the COVID-19 pandemic. As to the second interest, Tantuwaya points to no evidence that "distinguishes [his] emotional strain . . . from other criminal defendants." *United States v. Simmons*, 536 F.2d 827, 831–32 (9th Cir. 1976) ("[A]llegations of general anxiety and depression are present in almost every criminal prosecution."). As to the third interest, Tantuwaya provides no "[p]roof of prejudice [that is] 'definite and not speculative.'" *United States v. Manning*, 56 F.3d 1188, 1194 (9th Cir. 1995) (citation omitted). The district court's findings as to this factor are not clearly erroneous. *See Edmo*, 935 F.3d at 784–85.

3. The district court did not abuse its discretion in refusing to dismiss the indictment. A district court may dismiss an indictment "if unnecessary delay occurs in: (1) presenting a charge to a grand jury; (2) filing an information against a defendant; or (3) bringing a defendant to trial." Fed. R. Crim. P. 48(b). Delay must be "purposeful or oppressive." *United States v. Sears, Roebuck & Co.*, 877 F.2d 734, 739 (9th Cir. 1989) (citation omitted). Dismissal of an indictment is appropriate "only in extreme circumstances, after exercising caution and after forewarning the government of the consequences of further delay." *United States v. Barken*, 412

6

F.3d 1131, 1136 (9th Cir. 2005).

Tantuwaya contends that he was not indicted until "over eight years after the government began investigating" and that his trial date was "set out 1,655 days" after his indictment. But it is irrelevant when the government began investigating; "Rule 48(b) comes into play only after a defendant has been placed under arrest." *Id.* And the vast majority of the "1,655 day[]" delay after April 2018 was due to seven stipulated concurrences and Tantuwaya's own motion to dismiss and interlocutory appeal.

4. The district court did not abuse its discretion in denying Tantuwaya an evidentiary hearing for his motion to withdraw his guilty plea. "Whether an evidentiary hearing is appropriate rests in the reasoned discretion of the district court." *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986) (per curiam).

Tantuwaya primarily contends that the district court should have held an evidentiary hearing for his motion to withdraw his plea because he "maintained his innocence and asserted a legally cognizable defense to the charges." However, in his plea agreement, he waived his right to appeal on this basis.

Tantuwaya next contends that the district court abused its discretion in denying a hearing because his plea was involuntary—a ground for appeal preserved in his plea agreement. The district court's finding that Tantuwaya's version of events leading to his alleged involuntary plea was "fantastical" and "entirely lacking

7

in credibility" is not clear error.  *See Edmo*, 935 F.3d at 784–85.  The court found that during the plea colloquy Tantuwaya "carefully considered every aspect of his plea" and said "no" when the court asked if his plea had been coerced.

**AFFIRMED.**